(No. 14330.—Reversed and remanded.)

THE PARADISE COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARSHAL L. BOOKER, Defendant in Error.)

*Opinion filed April 19, 1922.*

WORKMEN'S COMPENSATION—*when award for permanent partial loss of use of leg is not authorized.* Where an employee suffers a fracture of his leg and is idle for five months while the fracture is healing, an award entered shortly thereafter for forty per cent permanent loss of use of the leg is not authorized, where the evidence shows that the leg is continually improving with use and there is expert testimony that when the fracture is fully healed the leg will be as strong as before the injury.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

R. W. ROPIEQUET, and W. C. ROPIEQUET, for plaintiff in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review a judgment of the circuit court of St. Clair county, entered June 27, 1921. The award of the Industrial Commission was $302.12 for twenty-two weeks' temporary total incapacity for work and $959.70 as compensation for forty per cent permanent loss of the use of the left leg. The only question presented for review is whether there is any evidence in the record justifying the second item of the award. Under the law in force at the time the circuit court entered its judgment it had no right to weigh the evidence, and in reviewing its judgment we are bound by the same statutory limitation.

Defendant in error, Marshal L. Booker, a man fifty-four years of age, was employed as a loader in the mine of plaintiff in error and was injured July 14, 1919. His left leg was broken about four inches above the ankle by a fall of coal. Dr. E. J. Burch testified that the break was a plain fracture; that he put the leg in temporary splints, and that he finally put it in a plaster cast and left it there for about seven weeks. Defendant in error claimed that his knee was injured, but the doctor was unable to find any injury or dislocation and there was no swelling of the knee. Defendant in error returned to work December 16, 1919. His leg was weak and he found that he was not able to do as much work as he had done before he was injured. He testified that his leg was improving slowly, and that he was able to do more work at the time of the hearing before

the arbitrator, in February, 1920, than he was when he returned to work two months before. The arbitrator made a personal examination of the legs of defendant in error, and found that the left leg was slightly swollen at the point of the fracture and that it was about one inch greater in circumference than the right leg. The doctor testified that the soreness in the leg and the knee was due to lack of use, and that, in his opinion, when the fracture was fully healed the left leg of defendant in error would be as strong as the right leg and that there would be no permanent loss of the use of the leg.

Taking into consideration that defendant in error was idle for five months on account of this injury and that he had returned to work but two months before the hearing before the arbitrator, and taking into consideration his testimony to the effect that his leg was continually improving with use, we are unable to see how it can be said that the proof in this record shows that defendant in error has suffered a forty per cent permanent loss of the use of his leg by reason of this industrial accident. We must hold, after a careful view of the evidence, that there is no evidence in the record justifying the second item of the commission's award.

The judgment is reversed and the cause is remanded to the circuit court of St. Clair county, with directions to remand the cause to the Industrial Commission for a further hearing on the question whether defendant in error has suffered a permanent partial loss of the use of his left leg by reason of this industrial accident, and with leave to both parties to introduce further testimony, if so advised.

*Reversed and remanded, with directions.*